Good morning, everyone. We've got some submitted matters and three cases on the calendar for argument today. So the matters that have been submitted on the briefs and record are Landeras v. Kitchikazi, Bennett v. Relias, our life insurance, and Bardo v. Miyashiro. The first case up for argument this morning is Tirado v. United States of America. Good morning, Your Honors. My name is Danny Yadrin and I represent Christian Tirado. I will try to keep track of my own time for rebuttal. Two due process errors require a remand here. First, the District Court made unfounded assumptions about Mr. Tirado's gang membership. And second, the supervised release condition restricting what Mr. Tirado can and cannot wear is unconstitutionally vague. So again, the District Court made two unfounded assumptions. First, that Mr. Tirado joined a gang, quote, at a young age. And second, continued that membership, again quoting from our record page 16, over an extensive period of time. Yet the record lacks any evidence of when Mr. Tirado joined a gang, the extent of his involvement, or how long that involvement lasted. Counsel, is the standard of review plain error? No, Your Honor. His trial did object to procedural reasonableness. But in this area of law and on this record, this court's review would substantially be the same. And that's because under either standard of review, you need error, which you have here. That error must be plain under the law and it has been well settled since Safferstein that a District Court cannot make unfounded assumptions. The government in its papers did not dispute that there would be prejudice. And finally, in the Tapia case, this court made clear that if there is a legal error that may have, nearly may have, increased the length of a sentence, it will remand for resentencing. And here, the District Court sent a page of transcript discussing its assumptions about Mr. Tirado's gang membership and cited that as a reason for not accepting the party's jointly recommended sentence. Counsel, his counsel, was it you? No, no. His counsel at the time admitted to gang affiliation. So is it the reference to joining young versus just general gang affiliation that's problematic? So two points there, Your Honor. First, his counsel merely acknowledged that some of his criminal history was related to a gang. She did not say that all of his criminal history or that even a substantial amount of his criminal history was related to a gang. And so the problem here is that the District Court, yes, assumed that he joined at a young age and assumed that that involvement went for an extensive period of time, effectively lumping in all of Mr. Tirado's criminal history, which generally consists of misdemeanor drug possession and with gang membership. Does it matter that counsel suggested to the District Court that the gang issue could be handled by supervised release provisions? Not for the purposes of this first due process issue, Your Honor. And that's because the District Court raised the gang membership and seemed to be flagging that he was considering a longer sentence. And defense counsel was merely saying, Your Honor, we don't need to tack on more time than the party's jointly recommended here. We can deal with this in conditions of supervised release. And if the Court has no further questions about this first due process argument, speaking of supervised release, the clothing condition is unconstitutionally vague. And that is so because it goes far broader than anything this Court has sanctioned in Soltero or Johnson. There is a scienter requirement in that condition, isn't there? The condition here, Your Honor, does have the word known. However, that is, I believe it's supervised release condition six. And compared to state seven, they said the requirement is vague, as to whether it has to be Mr. Tirado who knows whether the clothing is affiliated with any gang or not. But more fundamentally, when the Second Circuit encountered a very similar condition in the Green case from our papers, it struck it down as unconstitutionally vague, not because of the lack of scienter requirement. In fact, it was willing to read a scienter requirement into another condition in that case. It struck it down because it created untenable problems in daily dress. Mr. Tirado would not be able to wear a white shirt or a blue shirt or a black shirt or a black and blue shirt. What about the Soda case? That's our circuit memorandum disposition filed August 8, 2022, involving a similar condition. Your Honor, I will have to take a look at that memorandum disposition during my death deference presentation. But my response would be that case is unpublished and does not bind the court here. And if the court has no further questions on the supervised release condition, I would like to go back and make one more point about the first sentencing issue I raised. There is nowhere in the record that says how long Mr. Tirado was involved in this gang, and on the other side of the coin, there is affirmative evidence for an alternative explanation here. And that is that Mr. Tirado was addicted to drugs and his father was not involved at a young age. Indeed, the government acknowledged as much as sentencing. And under Safferstein, if the record and pre-sentence report have an as readily as accepted explanation, if the negative assumption proffered by the district court, the district court's assumption violates due process. If Your Honor has no further questions, I'd like to save the remainder of my time for rebuttal. All right. I'm going to ask one question. Are you going to address whether you were surprised or your colleague was surprised by the supervised release conditions, which you maintain you had no notice? Your Honor, my colleague was surprised by the content of them. And this gets to the third issue in the briefing. The district court said, oh, the probation officer can read those into the record when the time comes. And you can see in the record my colleague was even struggling to get the words down of the specific conditions so she could make objections, and then she did object to vagueness on the condition we're addressing here. So you're continuing to press that argument on appeal? That the. . . That was not one of the ones you highlighted for us, and I just wanted to. . . Yes, yes. We are not abandoning that argument, Your Honor. But we'll submit other papers there. Good morning. Lane Pleas the Court. Zach Howe on behalf of the United States. The district court properly found that Tirado was, quote, involved in the Oklahoma Street Gang over an extensive period of time and from a relatively young age, given several factors. One is the PSR's statement that, according to the Sheriff's Department, Tirado was an active member of the gang. Another is the criminal history taken in conjunction with defense counsel's statement  Another is defense counsel's statement that Tirado did. . . Wait a minute. When you say he didn't deny it, he didn't deny it at what point in the proceeding? This is during sentencing when he is advocating for the sentence that Tirado should receive. The judge had asked him about. . . At that point, nothing to deny as far as duration is concerned, is there?  I think given that Tirado has criminal history dating back 13 years to when he was 18 years old, and given that defense counsel is saying, I don't deny that at least some of it he doesn't specify, but some amount of that criminal history relates to gang ties, I think it was reasonable for the district court to infer that it was criminal history relating to gang ties that dated back to a young age. And here I want to highlight that the question is not, was that the best finding? The question is, was that a demonstrably erroneous finding? The way this court described it in Safferstein was, there wasn't the barest scintilla of evidence to support the finding. Here, and that was even on direct. . . That was on a preserved error. In fact, Safferstein, here we are on plain error review. So the question is, is it clear and obvious under binding authority that there isn't the barest scintilla of evidence to support the district court's findings? Given the statements in the PSR and given the concessions from defense counsel, I don't think it can be said that it was clearly and obviously a demonstrably erroneous finding of fact. And I will briefly just note, Safferstein, to my knowledge, is the case that defense counsel is primarily relying upon to establish plain error. The big differences are that there you had a preserved error, whereas here you do not. There the PSR expressly said that there wasn't evidence to support that the defendant was involved in drug dealing, which was the finding the district court had made, whereas here you have statements in the PSR that supported the finding. And there you didn't have defense counsel making statements that expressly supported the finding the court was making. So I think this case is easily distinguishable from Safferstein. So certainly, even if there was error, it could not have been clear and obvious under binding precedent from this court. I'll move to the vagueness issue if there are no other questions on this sentence. The condition barring clothing, quote, known to represent criminal street gang affiliation is not unconstitutionally vague. This court addressed a similarly worded condition in Soltero. There it barred association with any known member of any criminal street gang. So it's using known in the same way. And at footnote 9 of Soltero, this court says that includes a scienter requirement. Well, in Soltero, it's membership in the Delhi gang, right? So I think there are plenty of case law across the country that where you specify a gang, it's not problematic. But I am troubled by the requirement prohibiting articles of clothing, hats, scarves, anything that's associated with a criminal street gang. So how do you deal with the rationale in Green striking down a similar prohibition? Because the range of possible gang colors is vast and indeterminate. Certainly, Your Honor. In writing to the LAPD, just every color imaginable could be associated with a criminal street gang. So I'm not troubled by the specific reference to a gang because the PSR names the gang that he's been associated with and counsel concedes that he's got ties to that. But any criminal street gang, what color wouldn't be included? So, Your Honor, just to clarify, I do think Soltero mentions the specific gang the defendant was involved in, but it also mentioned any gang. So I have it here. It says the defendant shall not associate with any known member of any criminal street gang or disruptive group as directed by the probation officer, or specifically any known member of the Delhi street gang. Okay. That's a distinction there that Green explained. So one condition that's commonly imposed is don't associate with any known street gang. And so that's happened by statutory definition of what constitutes a criminal street gang. That's a little bit different than saying don't wear colors associated with any criminal street gang. And it's that that I want you to focus on. So if we were, for example, to remand for lack of notice because I think counsel was caught, not this counsel, but counsel below was caught flat-footed by these conditions, it would be good to give the court some additional guidance as to whether this particular condition is problematic. So I want you to focus on that, wearing colors associated with any criminal street gang. So, Your Honor, if there were not a scienter requirement, then I would agree this would be problematic. I think it might be more proper to characterize it as overbroad, such that it doesn't serve the purposes of 3583D as opposed to a vagueness issue. But I agree it would be invalid if there weren't a scienter requirement. I think under Soltero, and even under Vega, which extended Soltero, and said, look, it doesn't even have the known language, but we're still going to impose a scienter. Under that precedent, I think it's proper to say that in this condition there is a scienter. And once you have that scienter, then the fact that it references clothing relating to any gang, not just the El Cajon Dukes, I think really that problem falls away because as long as Gerardo does not know that the clothing from some other gang represents the gang, then he is not on the hook. So I think that really does get rid of any problem. And there's been a suggestion. Your opposing counsel really argues that it's known by whom. When you're arguing it's known by the defendant, his position, that's not really what this restriction is, it's just known to someone. What's your response to that? So the response is, in Soltero, at footnote 9, again, when faced with very similar language, it was no member of any criminal street gang. This court interpreted the language to mean known to you, so known to the parolee. And then, again, in Vega, the court said, look, you could throw out that known language, because in that case the condition didn't have the known language. And the court said, look, we still read in a scienter requirement to supervise release conditions, just generally speaking, we do not condense unknowing violations. And so even if you didn't have the known language here, and so you could read in the scienter, the fact that you have it, I think, just makes that reading even stronger. So I'm happy to move on to probation reading the condition here, if there are no other questions, on the second supervised release condition. There was no error in asking probation to read the gang-related conditions. These are fairly standard conditions. The wording differs a little, but you can see in Soltero, it actually quotes three conditions that were very similar. So these have been around for a while. And then once the court reads them, or excuse me, once probation reads them, this is page 18 of the record, the court hears these conditions, it considers them, it doesn't change them, and it even overrules objections to the conditions at page 20 of the record. Let me get the factual thing clear in my mind. Was this the first time that the defense counsel became aware that, I guess, these conditions were recommended by the probation officer? That's something. It's not entirely clear, but I think that's right. Well, let me ask you, this is from the Southern District, right? With this judge down there now, is the probation officer's recommendation to the judge made known to counsel before the sentencing? Again, it's not entirely clear. I'm not sure that defense counsel did have these specific conditions. So the first time he heard about it was when it was read by the probation officer in court? As best I can tell. Again, it's ambiguous. I think that's right. Let me ask the second part of that question now. Would it be a fair assumption that the judge, the judge's copy of the probation report, had these conditions listed as part of the recommendation, so he knew about it before he told the probation officer he should read those conditions? I just don't know the answer. And, again, this is the problem. Since we don't have an actual objection, we didn't get to flesh any of this out, which is why I'm saying I think this is correct. You don't object, right? Let me ask you this on the same point. Were you the AUSA below? No, no. Okay. Is it a practice that your office is notified of the conditions that probation recommends to the court? I think typically they're put in the PSR. I'm not sure. The conditions that ended up in the judgment related to gangs were not in the PSR in this case. I'm not sure why that was. But maybe to allay some of the court's concerns, I will note here the only objection is to probation reading them. It's not some notice objection. It's nothing like that. It's just probation reading them. And I think the argument is that that's some sort of non-delegation issue or some sort of problem with probation reading them other than the court. I'm not aware of any case from this court clearly holding that the judge has to read the conditions. And given that the judge clearly heard them, didn't change them, and then overruled objections to them, it's plain that the court is adopting those conditions as its own. And then finally I'll note there's no conceivable prejudice because if the judge had read them, he's still going to impose them, so the same conditions would have resulted. We've taken you over time. Do you have any additional questions? No. Thank you very much for your argument. Thank you. Just a few points, Your Honor. First, with the Soto case that you referenced, our distinction there is that that is an unpublished case that does not bind this court. I would say you're reconcilable with Green and this court's other cases in that- Green's out of circuit. That doesn't bind us either. Correct, Your Honor. And we would argue that this court should follow the published opinion from the Second Circuit rather than an unpublished disposition from this court. And the reason for that is that Green made clear that the issue is not merely a SANTA requirement. Indeed, as I was saying earlier, it was willing to presume SIENTA. The issue was how broad the condition was. And similarly in Johnson, that condition about gang paraphernalia had a SIENTA requirement. But this court upheld it under Saltero because it was limited to a single gang. Counsel, can you respond to Mr. Howell's point that in this appeal, you're not raising an objection on lack of notice of the condition. You're just objecting to probation reading the conditions. Under non-allegation principles, that's correct, Your Honor. The briefing is what it is. That is still plain error because it is clear under Phillips that a district court is the one who has to conclude a sentence. And that is not what happened here. And the Fifth and Eleventh Circuit, as we mentioned in our briefing, have held that warrants exercising discretion of plain error. If I were sentencing someone and I got a coughing spell in the middle of it and I handed my sheet to the clerk and said, breathe them, they're my words, they're my decision, you're saying that is reversible error? The difference from that situation, not necessarily, Your Honor, in here, is that the district court entirely did not appear to know the conditions ahead of time. He merely said, the court merely said, there'll be gang conditions, probation, you know them, you can read them, and at that time, that is different from a situation you're saying where you know the conditions. I follow you. The fact that there was no objection, though, leads to the government's position that we don't know. If your colleague had objected, perhaps the district judge, but then if so, yeah, these are mine. Correct, Your Honor, but that is a reason to remand. I follow you. All right, thank you. We have one minute left, and there's one point I really want to make, and that is why Saperstein really does govern this case. So in Saperstein, the pre-sentence report noted the government's suggestion that there was some link to drug trafficking, and then the pre-sentence report said, we're not able to verify that. There's no evidence of that. And this court highlighted that in saying this is relevant, in saying that the district court made an unfounded assumption here. And so, too, here, if you go to paragraph 61 of the pre-sentence report, it notes that, yes, at some point, some undated record tied Mr. Toronto to a gang. However, the probation officer was not able to verify any, has no evidence of a current gang membership. His mother, who is well aware of Mr. Toronto's troubles, had no evidence of him being a gang member. And as I was saying earlier, Mr. Toronto's trial lawyer acknowledged that the gang membership was passed. And I see that I'm out of time. If anyone has any questions, I'm happy to answer them. Thank you very much for your argument both sides today. The matter submitted in this session will be issued in due course.
judges: TASHIMA, NGUYEN, Fitzwater